IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ADAM M. POPE                                                                                   PLAINTIFF

v.                                          CIVIL NO. 19-cv-03049

ANDREW SAUL, Commissioner                                                         DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Adam M. Pope, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his application for DIB on February 7, 2018. (Tr. 18). In his application, Plaintiff alleged disability beginning on March 30, 2010, due to post-traumatic stress disorder (PTSD), mental problems, back pain, tumors on back, hand problems, and arthritis. (Tr. 18, 173). An administrative hearing was held on March 14, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 18, 37-67).

On April 3, 2019, the ALJ issued an unfavorable decision. (Tr. 15). The ALJ found Plaintiff last met the insured status requirements of the Act on December 31, 2013. (Tr. 20). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: disorder of the spine, affective disorder, anxiety disorder, PTSD, and personality disorder. (Tr. 20-21). The ALJ found Plaintiff's arthropathies and

1

lipomas to be non-severe impairments. Id. After reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 21-23). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b), except he was limited to simple, routine, and repetitive tasks in a setting where interpersonal contact was incidental to the work performed. He was able to respond to supervision that was simple, direct, and concrete. (Tr. 23-30).

The ALJ found Plaintiff would be unable to perform any of his past relevant work. (Tr. 31). With the help of a vocational expert, the ALJ then determined that Plaintiff could perform the representative occupations of public attendant, bottling line attendant, or bakery racker. (Tr. 31-32). The ALJ found Plaintiff was not disabled from March 30, 2010, the alleged onset date, through December 31, 2013, the date last insured. (Tr. 32).

On May 24, 2019, the Appeals Council denied Plaintiff's request for review. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 2). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that

supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff's brings one point on appeal, whether the ALJ erred by failing to find Plaintiff's lipomatosis a severe impairment.  (Doc. 14, pp. 2-4).  The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.  *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 25th day of June 2020.

/s/  *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE